**LAW OFFICE OF CALVIN CHANG**
CALVIN CHANG (SBN 277851)
980 – 9th Street, 16th Floor
Sacramento, California 95814
Telephone:     916.538.0225
calvin@calvinchanglaw.com

Attorneys for Plaintiff TIFFANY WAGNER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY WAGNER, an individual,<br><br>       Plaintiff,<br><br>v.<br><br>COUNTY OF PLUMAS; BRANDON COMPTON, in his individual and official capacities, GREGORY HAGWOOD, in his individual and official capacities; and DOES 1 through 20, inclusive,<br><br>       Defendants. | **CASE NO.**<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1) **SEXUAL HARASSMENT** **(Cal. Govt. Code § 12940(j)(1),** *et seq.***;**<br><br>2) **DISCRIMINATION, SEX (FEMALE)** **(Cal. Govt. Code § 12940(a));**<br><br>3) **RETALIATION (OPPOSING, PARTICIPATING)** **(Cal. Govt. Code § 12940(a));**<br><br>4) **FAILURE TO PREVENT DISCRIMINATION** **(Cal. Govt. Code § 12940(k));**<br><br>5) **RALPH CIVIL RIGHTS ACT** **(Cal. Civil Code § 51.7(a),** *et seq.***);**<br><br>6) **BANE CIVIL RIGHTS ACT** **(Cal. Civil Code § 52.1,** *et seq.***);**<br><br>7) **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964. SEX DISCRIMINATION** **(42 U.S.C. §2000e-2(a), et seq.);**<br><br>8) **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964. RETALIATION** **(42 U.S.C. § 2000e-3(a), et seq.);**<br><br>9) **VIOLATION OF CIVIL RIGHTS - SEXUAL** |

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

**HARASSMENT IN VIOLATION OF EQUAL PROTECTION**
   **(42 U.S.C. § 1983, et seq.);**

10)  **VIOLATION OF CIVIL RIGHTS  - RETALIATION IN VIOLATION OF FREE SPEECH**
   **(42 U.S.C. § 1983, et seq.);**

11)  **PUBLIC SAFETY OFFICER'S PROCEDURAL BILL OF RIGHTS ACT**
   **(Cal. Govt Code §3303, et seq.);**

Plaintiff TIFFANY WAGNER, seeks compensatory and punitive damages, injunctive relief, and attorney's fees and alleges as follows:

## JURISDICTION AND VENUE

1.      This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e, et seq., Title 42, United States Code, section 1983. The Court's jurisdiction is invoked under 28 United States Code, section 1331 because this case arises under the Constitution and laws of the United States, and under 28 United States Code, section 1343 because this action is brought to recover damages under any Act of Congress providing for the protection of civil rights.

2.      This Court has supplemental jurisdiction herein pursuant to 28 U.S.C. section 1367, et seq. The state law claims in this action are so related to claims in the action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.       On information and belief, each defendant resides, is found, has an agent, and/or transacts business in this judicial district.  The acts alleged herein have been carried out within this judicial district, and have their effect within this judicial district.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and for the reason that there is no other judicial district in which the action may otherwise be brought.

## PARTIES

5.      Plaintiff TIFFANY WAGNER ("Plaintiff") is an individual residing in the County of

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

Plumas, California. During all relevant times, Plaintiff was employed by County as a Correctional Officer at the Plumas County Sheriff's Office ("PCSO").

6.      Defendant COUNTY OF PLUMAS ("County") is a County government entity that operates the Plumas County Sheriff's Office, a/k/a: Plumas County Sheriff's Department. ("PCSD" or ("PCSO") and has its headquarters were located in Quincy, California. PCSO employs both Plaintiff and Defendants Compton and Hagwood.  During all relevant times, County employed more than fifteen employees and was an employer subject to the California Fair Employment and Housing Act ("FEHA") and Title VII of the Civil Rights Act of 1964 ("Title VI")

7.      Defendant BRANDON COMPTON ("Defendant Compton", "Sergeant Compton") is an individual, on information and belief residing in County of Plumas, California.  Defendant COMPTON is being sued in both his individual and official capacities.  During all relevant times, Defendant COMPTON was a Correctional Sergeant of PCSO.

8.      Defendant GREGORY HAGWOOD ("Hagwood", "Sheriff Hagwood") is an individual, on information and belief, residing in the County of Plumas, California.  Defendant HAGWOOD is being sued in both his individual and official capacities.  During all relevant times, Defendant HAGWOOD was the Sheriff of Plumas County and a managing agent and employed by County.  During all relevant times Hagwood had final policy making authority and was responsible for the customs, practice, and policies of PCSO relevant to Plaintiff's claims.

9.      All named Defendants will be collectively referred to as "Defendants," except where necessary to distinguish them apart. Defendants are persons or entities subject to the provisions of Title VII, 42 U.S.C. section 1983, California FEHA, POBRA, Ralph Act, and Bane Acts.

10.      County is further liable for the acts of Defendants Hagwood and Compton committed within the scope of his employment and under vicarious liability.

11.      At all times herein mentioned, Defendants, whether or not specifically identified or designated herein as a DOE, and each of them, were the agents, employees, servants, partners, independent contractors, joint ventures and participants with all other Defendants, and with each other, and in doing the things hereinafter mentioned, were agents, employees, servants, partners, joint ventures, and with the consent and permission of the co-Defendants, and each of them.

12.     The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as DOES 1 through 20, are unknown to Plaintiff at this time.  Plaintiff therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of DOES 1 through 20 when their names are ascertained.  Plaintiff is informed and believes, and based thereon alleges, that each of the DOE Defendants is in some manner liable to the Plaintiff for the events and actions alleged herein.

13.     Plaintiff is informed and believes, and thereon alleges, that at all times, each Defendant was acting as an agent for each of the other Defendants and each were co-conspirators with respect to the acts and the wrongful conduct alleged herein so that each is responsible for the acts of the other in connection with the conspiracy in such wrongful acts in connection with the other Defendants.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14.     Plaintiff timely exhausted her administrative remedies with the California Department of Fair Employment and Housing ("DFEH") on or about August 27, 2018, when she filed a complaint and charge for sexual harassment, retaliation; and  failing to prevent.  On November 2, 2018, the DFEH issued Plaintiff a Right-to-Sue Letter, which Plaintiff subsequently and timely served on Defendants (DFEH Matter Number 201808-03340623).  The DFEH complaint is dual filed with the U.S. Equal Employment Opportunity Commission (EEOC Number 37A-2018-03237-C). On or about November 6, 2018, Plaintiff filed an amended DFEH complaint (DFEH Matter Number 201811-04144506) with additional discrimination charges and received a Right-To-Sue which complaints were served on Respondents.  Pursuant to Plaintiff's Right-to-Sue Letter, Plaintiff has one year from the date of the DFEH Right-to-Sue Letter to file a complaint.

## COMPLIANCE WITH GOVERNMENTCLAIMS ACT

15.     Plaintiff timely filed her government claim with the County on or about September 14, 2018, for those acts herein prosecuted and commencing within the statutory period set forth in Cal. Govt. Code §§ 905, 910, 912.6, et. seq.  Within the statutory period to respond, County did not respond to Plaintiff.  Thereby complying with the statutory presentation requirement for those claims so required.

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

## GENERAL ALLEGATIONS

16.     Plaintiff has been employed as a Correctional Officer by the PCSO for approximately seven years.  She is assigned to work at the Plumas County Correctional Facility in Quincy, California.  She has a degree in Criminal Justice.  During all relevant times, Plaintiff was performing her duties in an exemplary manner.  She has been the Officer-In-Charge of her shift.   She is also a Field Training Officer.  Plaintiff ran the Strong Program that assists inmates with rehabilitative and reintegration programs.

17.     The PCSO engages in discrimination a custom, pattern and practice of discrimination against female sworn employees.

18.     During all relevant times, Defendants County and Hagwood maintained department-side custom, policy, practice of discrimination on the basis of sex and sexual harassment, that was conspiratorial intentional, and affirmative as follows:

19.     Defendants County and Hagwood maintained a workforce deficiency in the employment of female sworn employees that was disparate and had a discriminatory impact on female employees.  Defendants County and Hagwood failed to promote or employ a female as sheriff's sergeant, lieutenant, captain, or any supervisory or management position.

20.     Defendants County and Hagwood repeatedly failed to make any meaningful or effective investigation of the complaints of sexual harassment occurring against its female employees.

21.     Defendants County and Hagwood customarily failed to train their employees to prevent discrimination; and displayed deliberate indifference to rights of female employees to be free from sexual harassment.

22.      Defendant County and Hagwood maintained a custom and practice establishing and maintaining a sex laden work environment wherein female employees, inmates, and citizens were viewed as and used for sexual conduct in relation to employment.

23.     Defendant County and Hagwood condoned and/or directly participated in unwelcome sexually hostile work environment including, but not limited to; sexual conduct, sexual and racial jokes and other unwelcome and discriminatory conduct in the workplace.

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

24.     Defendants maintained a custom, practice of quid pro quo, and hostile work environment in which female employees were threatened with retaliation for opposing or reporting sexual harassment.  Female victims who reported sexual harassment were subjected to retaliation in the form of internal affairs allegations and actions against them.

25.     During relevant times, another female sworn employee, C.S., made a sexual harassment complaint against a PCSO command staff member.  Sheriff Hagwood informed C.S. that he would "handle it."  However, Defendant Hagwood did not take reasonable actions to investigate and address the sexual harassment as required by law.

26.     Defendant County and Hagwood invited *Playboy Magazine* to accompany the PCSO on its operations, including its SWAT operations.  Inviting Playboy Magazine also demonstrates that County has failed to take sexual harassment complaints seriously.

27.      Defendant Hagwood has established the policy, custom, and practice of using his position for sexual harassment in the workplace.  Defendant Hagwood  personally established and interjected sex and sexual conduct into the PCSO work environment.  In the presence of his subordinates, while conducting a search warrant, Hagwood located porn videos and played the videos on the television while deputies were conducted the search of the residence.

28.     Defendant Hagwood has made it known that he is to be known as "Shagwood," "by name and reputation."   Defendant Hagwood has made unwelcome sexual advances and had sexual relations with female staff as well as with inmates.  Defendant Hagwood also was known in the agency for having sex with an informant; and was not terminated for such misconduct.

29.     Sheriff Hagwood has also personally used, and or permitted his sworn staff to regularly use and/or condoned the use of discriminatory conduct towards women and minorities.

30.     During relevant times, Sheriff Hagwood was and is prominent member of the "Constitutional Sheriffs and Peace Officers Association" ("CSPOA", "Constitutional Sheriffs"). The Southern Poverty Law Center ("SPLC"), identifies the Constitutional Sheriffs as part of the anti-government Patriot Movement and "Posse Comitatus," racist movement.  The SPLC reports that Constitutional Sheriffs in Northern California have been known locally to suppress minorities voting by setting  up traffic stop checkpoints to target minorities on election day.   Among many extreme

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

positions held against minorities, is Constitutional Sheriffs' positions condoning sexual harassment. For example, Constitutional Sheriffs took the public position that a recent female who accused a recent U.S. Supreme Court Justice nominee of sexual harassment should not be heard. Constitutional Sheriffs disagree that "Dr. Ford deserves to be heard, and deserves a chance to tell her story." Instead, Constitutional Sheriffs takes the position on sexual harassment that a past male "indiscretion" should be forgiven and forgotten.

31.     During relevant times, Defendant County was aware that Correctional Officer Brandon Compton was the subject of a sexual harassment complaint made by a female inmate; and that Compton had allegedly engaged in sexual conduct with female inmates; and had maintained a surreptitious Facebook account to communicate with female inmates.  County failed to take appropriate remedial actions.  Instead, County and Defendant Hagwood promoted Compton to Correctional Sergeant and placed in a position of authority of female correctional officers including Plaintiff.

32.     In or about 2016, Plaintiff sought promotion and applied for a vacant Correctional Sergeant position.  Plaintiff was one of three candidates, including then Correctional Officer Compton, Plaintiff, and a second female Correctional Officer C.C. Plaintiff was the most qualified candidate.  The civil service promotion consisted of one examination: a meeting with Sheriff Hagwood by himself.   One of the questions Sheriff Hagwood asked Plaintiff was, whether or not she was "a team player."   Sheriff Hagwood promoted Compton.  Officer C.C. resigned shortly thereafter, alleging discrimination.

33.     During relevant times between April and July 2018, Sergeant Compton supervised Plaintiff.   Plaintiff worked the night shift from 8:00 p.m. to 8:00 a.m.  She sometimes worked overtime.   Sergeant Compton worked day shift which began at 6:00 a.m.

34.     While under color of authority and using his authority and a supervising peace officer, Sergeant Compton subjected Plaintiff to both quid-pro-quo and hostile work environment sexual harassment; including severe and pervasive unwelcome visual, verbal, and physical conduct of a sexual nature. Plaintiff objected to, opposed, and resisted (both verbally and physically) the unwelcome conduct.  Plaintiff has never had any personal relationship with Sergeant Compton.  She

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

physically and verbally resisted his assaults. The conduct materially altered the terms and conditions of her employment.

35.     Sergeant Compton also sexually assaulted Plaintiff more than ten times.  All of the conduct occurred at work in the Plumas County jail and offices.

36.     Beginning on or about April 2018, Sergeant Compton committed sexual battery by grabbing Plaintiff's breast(s) on numerous occasions.

37.     During the relevant time, initially twice a week, and then in or about June 2018; it was daily, Sergeant Compton also engaged in unwanted kissing and licking of Plaintiff's neck.

38.     Sergeant Compton's conduct also included, in part, putting her in a choke hold, slapping her buttocks, and telling her to "get on your knees."

39.     On or about April 2018, in one incident, Sergeant Compton brushed by Plaintiff and "accidentally" rubbed up against her breast.

40.     Sergeant Compton regularly made sexual comments about Plaintiff.

41.     In another incident, while in the break room, Sergeant Compton grabbed Plaintiff's breast again.  She gave him a shocked and very offended look.  Sergeant Compton asked her if she was going to report him for sexual harassment.   Plaintiff did not know what to say.  Plaintiff verbally opposed him that he was inappropriate; and it wasn't okay and that he had a wife and he was her supervisor.  He said he was "sorry."

42.     In another incident, Plaintiff, Compton, and Officer L.A. were outside.  Plaintiff asked if they would ever go skydiving.  Officer L.A. then left and went inside.  Compton then said the only way he would go is "if you gave me a blowjob."

43.     In another incident, by the Storage Closet, Sergeant Compton grabbed Plaintiff's breast using both of his hands on her breasts.   Plaintiff opposed his assaults each time, with a really shocked look.  She pushed past him and went into the break room to figure out what to do, and he came in and said, "are you going to turn me in."  He said that quite often.  Sergeant Compton would then tell her, "you know you can't."

44.     Sergeant Compton became increasing violent and threatening towards Plaintiff.  In another incident, Sergeant Compton came into the breakroom where Plaintiff was doing work.   As

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

Plaintiff got up to leave, Compton reached out towards her, and she jumped back to avoid him. Sergeant Compton grabbed Plaintiff by the hair and forced her head back exposing her neck and began biting and licking her neck.  He threatened, "Don't ever jump away from me like that again." He then released Plaintiff and walked away.  In another incident Sergeant Compton threw a water bottle at Plaintiff which hit her in the neck and shoulder in front of Officer Ahwah.

45.     During relevant times, Plaintiff wanted to turn him in; but she believed she could not risk her career and retaliation.  Plaintiff believes that if she reported sexual harassment PCSO would retaliate and fabricate a case against her.

46.     In or about early May 2018, Plaintiff was in the selection process to join the Nevada Highway Patrol.   Sergeant Compton kept asking Plaintiff if was going to report him for sexual harassment.  Then he said, if you do, "remember what happened to [referring to a female Deputy who reported sexual harassment]." [Implying the female deputy lost her job because she reported sexual harassment].   And then, you won't get into NHP (Nevada Highway Patrol).  Sergeant Compton warned Plaintiff and said, if she reported him; she would not be able to go into the Nevada Highway Patrol.

47.     During relevant times, Sergeant Compton would warn Plaintiff not to report him and reminding her that he is friends with the Sheriff Hagwood.  After Sergeant Compton would touch her breast;  he would say he and the Sheriff were really close and play golf together all the time.

48.     In or about June 2018, in the Control Room, Sergeant Compton came up from behind Plaintiff and put her in a "full nelson" hold and started grinding his penis on her from behind.  She pushed him away from him.

49.     In another incident, Sergeant Compton pinned Plaintiff in the corner of the control room and went to grab her breast.  When she tried to slap at him, he put her in a choke hold and grabbed her breast with his other hand, while she was restrained in a choke hold.  Compton said, "your boobs are community property." "Now I can touch them whenever I feel like it.  Do you understand?"  Compton subjected Plaintiff to physical torture; and forced her to say she understood, and she shook her head yes, and only then did he release her from his choke hold.

50.     In another incident, Sergeant Compton came into work,  Plaintiff walked by and did

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

not say anything to him.  He said, what the fuck – it's like that?"  Plaintiff said she was busy.

Compton then said, "we will see how busy you are later."  Implying that he meant, he was going to

do sexual things to her.

51.     Plaintiff tried to avoid Compton, but he would find her.  On or about June 18, 2018,

while Plaintiff was on the computer, Compton came in and flicked her breast.  He said, "what are you

doing?"  Plaintiff said she was working; what does it look like.  He said you haven talked to me all

week.  Plaintiff tried to avoid him and said, she had been busy working.

52.     During various incidents five or more times, Sergeant Compton would display with

his fingers, a circle, and point down to his penis.

53.     As a result of the assaults, Plaintiff would try to avoid going into the office and work

(in the jail areas).  Plaintiff would find things to do in the hallway where there were surveillance

cameras.

54.     On July 20, 2018, Plaintiff reported the sexual harassment to Commander Chad

Hermann who said he would notify Undersheriff Dean Canalia.

55.     On or about July 20, 2018, Plaintiff believes PCSO placed Sergeant Compton on

administrative leave.

56.     On July 21, 2018, after Plaintiff complained, Defendant County permitted Sergeant

Compton immediately began a campaign of retaliation to suborn action against Plaintiff and to

dissuade witnesses in the criminal investigation against him.

57.     On July 21, 2018, Sergeant Compton called the Jail and asked to speak to Sergeant

April Gott to ask her about the Internal Affairs ("IA"), and asking her what everyone was talking

about.  Sergeant Gott is friends with Sergeant Compton and his wife.  Yet County permitted Sergeant

Gott to participate in actions against Plaintiff.

58.     On July 22, 2018, Plaintiff texted Commander Hermann to complain that Sergeant

Compton was not following the order to stay away from the Jail, as Plaintiff was informed and

alleges Sergeant Compton was told not to call or come to the Jail.

59.     On July 25, 2018, Plaintiff worked her regular shift at 10:00 p.m.  During the shift,

Sergeant Gott was having private meetings where she was conducting her own pre-IA interviews.

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

Sergeant Gott would call individuals to her office one-by-one.  She called Sergeant Kelly to the back, and said I need to talk to you private.   Sergeant Gott did the same with Officer Henderson, and with inmates.

60.     Plaintiff informed Commander Hermann that Sergeant Compton using Sergeant Gott to dissuade witnesses.   Plaintiff believed that Sergeant Gott was trying to come up with information against Plaintiff on behalf of Sergeant Compton – or dissuading witnesses from remembering what they observed.  Sergeant Gott was also talking to inmates to set up an inmate to conjure information against Plaintiff.

61.     Plaintiff was working a twelve-hour shift, but was scheduled on overtime until 10:00 a.m. Sergeant Gott sent Plaintiff home.  Sergeant Gott suggested she deal with herself and go to the doctors.

62.     On or about July 30, 2018, although Plaintiff was next on the promotional list for Sergeant, County passed her position to the next candidate on the list to appoint them as acting Sergeant.  Plaintiff was never consulted or offered the position even though County practice was to promote the next person on the list.

63.     On or about August 3, 2018, PCSO placed Plaintiff on Leave, removing her from work pending allegations against her and alleging falsely that she engaged in misconduct.

64.      On or about August 8, 2018, PCSO representatives, Investigations Sergeant Steven Peay and Investigator Christopher Hendrickson, arrived unannounced at Plaintiff's residence and without prior notice of the nature of the interrogation, nor the identity or rank of who would be present, and interrogated Plaintiff regarding allegations against her involving violations of non-criminal policies; and falsely accusing her of allegations of misconduct that could lead to punitive action. PCSO ignored Claimant's repeated request for legal representation by her current attorney.

65.     Peay and Hendrickson also interrogated Plaintiff when they were aware allegations may be criminally charged, and conducted the interrogation without informing Plaintiff of her constitutional rights.

66.     On or about October 24, 2018, Plumas County Sheriff's Sergeant Steve Clark informed Plaintiff that County had accessed and searched her personal assigned locker by cutting off

her personal lock.

67.     Defendants engaged in an official custom, practice or policy of soliciting false testimony against Plaintiff and soliciting inmates to make false allegations against Plaintiff, in exchange for providing privileges, including early release to inmates.

68.     During relevant times, Defendant County was aware that Defendant Compton had a propensity to engage in unlawful sexual related conduct; in that Defendant Compton would improperly reward female inmates with privileges in exchange for sexual conduct with him.

69.     During relevant times, Sergeant Gott unlawfully disclosed to other persons who had no need to know, confidential information about Plaintiff's confidential peace officer personnel matters, including to persons outside of the PCSO, and falsely stating that Plaintiff was no longer working at PCSO, and falsely alleging specific misconduct with inmates.

70.     During relevant times, Defendant County was aware that Defendant Hagwood had a propensity to engage in, tolerate, condone, or fail to prevent sexual harassment at the PCSO and to suborn or ratify retaliation against female employees who complained about sexual harassment.

71.     As a result of Defendant's unlawful employment practices, Plaintiff has been removed from work and stigmatized, denied wages and benefits, lost work assignments, overtime, opportunities to advance in her career, and suffered emotional distress.

72.     As a direct result of the Defendant's unlawful conduct, Plaintiff has also suffered severe emotional distress and physical symptoms such as anxiety, worry, humiliation, anguish, embarrassment, and loss of self-esteem, sleep disruption, among other conditions.

73.     As set forth by the factual allegations, and further set forth below, the conduct listed above was malicious, fraudulent, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions.

### FIRST CAUSE OF ACTION

**(SEXUAL HARASSMENT)**

**(Cal. Govt. Code § 12940(j)(1) *et. seq.*)**

**(Against All Defendants)**

74.     Plaintiff refers to and herein incorporates each above paragraph inclusively.

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

75.     Defendant County is an employer in the state of California, as defined in the California Fair Employment and Housing Act ("FEHA").  Defendants acted as agents, directly or indirectly, of Defendant COUNTY violating the FEHA and were therefore also employers, or individuals subject to the FEHA, in the state of California, as defined in the California Fair Employment and Housing Act ("FEHA").

76.     California Government Code section 12940(j)(1), provides it is an unlawful for an employer or person to harass an employee on account of that person's sex, including subjecting an employee to sexual harassment.

77.     Defendant County and Defendant Compton harassed and sexually harassed Plaintiff on the basis of her sex (female), in violation of the California Fair Employment and Housing Act. Defendants violated the FEHA when they subjected Plaintiff, to a broad range of conduct, ranging from expressly or impliedly conditioning employment benefits on submission to or tolerance of unwelcome sexual advances, to the creation of a work environment that is hostile or abusive on the basis of sex.   Such a hostile environment was created when plaintiff was subjected to sexual advances, furthered by permitting said conduct and conditions to occur and subjecting Plaintiff to a hostile work environment based on either severe and/or pervasive acts of unwelcome and offensive physical, visual, or verbal harassment.  These conditions unreasonably interfered with Plaintiff's working conditions.  Plaintiff's sex was a substantial motiving reason for the defendants' harassment of her.

78.     Plaintiff filed a charge of sex harassment with the California Department of Fair Employment and Housing within one year of the continuing discrimination. The Department issued Plaintiff a right-to-sue letter within one year of the filing of this complaint. Plaintiff has exhausted her administrative remedies.

79.     In engaging in the foregoing conduct, Defendants had knowledge of, aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of the FEHA.

80.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

81.     Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

82.     As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

83.     The above described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294.  Plaintiff requests an assessment of punitive damages against Defendant COMPTON in an amount to be proven at time of trial.

84.     Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code section 12965(b).

### SECOND CAUSE OF ACTION

#### (SEX DISCRIMINATION)

#### (Cal. Govt. Code § 12940(a) *et. seq.*)

#### (Against Defendant County)

85.     Plaintiff refers to and herein incorporates each above paragraph inclusively.

86.     Defendant County is an employer in the state of California, as defined in the California Fair Employment and Housing Act ("FEHA").

87.     California Government Code section 12940(a) provides it is an unlawful for an employer to discriminate against a person in compensation or in terms of conditions or privileges of employment, on account of that person's sex.

88.     As set forth above, Defendant County violated the FEHA by subjecting Plaintiff to discrimination because she is female; denying her working conditions, wages and benefits that she was entitled to under state law based on its unlawful practice of failing to take immediate and appropriate remedial, preventative, and corrective action to prevent sexual harassment; by engaging in a pattern and practice of imposing adverse employment actions against Plaintiff because of her sex.

89.     In engaging in the foregoing conduct, Defendants had knowledge of, aided, abetted,

incited, participated in, coerced and/or compelled unlawful employment practices in violation of the FEHA.  Plaintiff's sex was a substantial motiving reason for the defendants' adverse employment action against her.

90.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

91.      As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

92.     Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code section 12965(b).

## THIRD CAUSE OF ACTION

### (RETALIATION)

### (Cal. Govt. Code § 12940(h))

### (Against Defendant County)

93.     Plaintiff refers to and herein incorporates each above paragraph inclusively.

94.     Defendant is an employer in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA"). Defendants, and each of them, acted as agents, directly or indirectly, of Defendants violating the FEHA and were therefore also employers in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA").

95.     California Government Code section 12940(h) prohibits any employer or person from discharging or otherwise discriminating against any person because that person has filed a complaint of discrimination, or opposed discrimination or harassment forbidden under the FEHA.

96.     Plaintiff  opposed and complained about sexual harassment and filed her complaint with the DFEH against defendants for sexual harassment and discrimination of her, and by so doing, Plaintiff communicated her opposition unlawful discrimination to Defendant.

97.     Defendant subjected Plaintiff to adverse employment actions within the meaning of the FEHA, a short period of time after Plaintiff's protected conduct in opposing unlawful sexual

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

harassment and discrimination, and filing, and participating in the discrimination complaint procedures.

98.     Plaintiff's protected conduct was a substantial motivating reason for the defendants' adverse employment actions against her.

99.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

100.     As a result of the aforesaid acts of Defendant, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

101.     Plaintiff will also seek and is entitled to recover attorney's fees and costs in connection with this cause of action under Government Code section 12965(b).

### FOURTH CAUSE OF ACTION

### (FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, & RETALIATION)

### (Cal. Govt. Code § 12940(k))

### (Against Defendant County)

102.     Plaintiff refers to and herein incorporates each above paragraph inclusively.

103.     Defendant County is an employer in the state of California, as defined in the California Fair Employment and Housing Act ("FEHA"). Defendants, and each of them, acted as agents, directly or indirectly, of Defendants violating the FEHA and were therefore also employers in the state of California, as defined in the FEHA.

104.     California Government Code section 12940(k) provides it is unlawful for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

105.     Defendant failed to take all reasonable steps necessary to prevent discrimination and harassment and retaliation from occurring.

106.     Plaintiff's protected classification and protected conduct was a substantial motivating reason for the defendants' failure to prevent discrimination, harassment, and retaliation.

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

107.     Plaintiff filed a complaint with the California Department of Fair Employment and Housing within one year of the discrimination. The Department issued Plaintiff right-to-sue letters within one year of the filing of this complaint. Plaintiff has exhausted her administrative remedies.

108.     In engaging in the foregoing conduct, Defendants aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of the California Fair Employment and Housing Act.

109.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.

110.     Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

111.     As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

112.     Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code section 12965(b).

## FIFTH CAUSE OF ACTION

### (RALPH CIVIL RIGHTS ACT)

### (Cal. Civil Code § 51.7(a), *et seq.*)

### (Against Defendants County and Compton)

113.     Plaintiff refers to and herein incorporates each above paragraph inclusively.

114.     California Civil Code section 51.7 provides that "all persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of […] or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51.  Section 51 includes sex as an enumerated characteristic.

115.     As alleged herein, defendants and each of them, and/or their managerial employees/agents/employees knew or reasonably should have known, that employees of Defendant County, individually and together in varying combinations, were engaging in the conduct set forth above in violation of Plaintiff's rights to be free from acts of violence or intimidation.

116.     In subjecting Plaintiff to workplace sexual harassment and assaults and intimidation,

each defendant aided and incited these violations, and denied the rights afforded to Plaintiff under the Ralph Act.  Defendants violated the fundamental public policies embodied in the Ralph Act, and other laws and regulations identified herein setting forth that all Californians are to be free from violence or intimidation, including violence and threats of violence because of membership in one of the aforementioned groups (i.e., female).  A motivating reason for Defendants' conduct was Plaintiff's sex and her opposition to unlawful sexual harassment.

117.    As a proximate result of Defendant's actions, Plaintiff had suffered and continues to suffer damages in an amount according to proof.

118.    Defendant's actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Plaintiffs and in conscious disregard of Plaintiff's rights, which entitles Plaintiff to exemplary damages against individual Defendant Compton.

119.    As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

120.    As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

121.    Pursuant to Civil Code section 52, subsection (b)(2), Plaintiff is entitled to a civil penalty of $25,000 for each of Defendants' violations of the Ralph Act.

122.    Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Civil Code section 52, subsection (b)(3), *et seq.*

## SIXTH CAUSE OF ACTION

### (BANE CIVIL RIGHTS ACT)

### (Cal. Govt. Code § 52.1, *et. seq.*)

### (Against All Defendants)

123.    Plaintiff refers to and herein incorporates each above paragraph inclusively.

124.    During all relevant times, Defendants County, Compton and Hagwood engaged in unlawful conduct that threatened and interfered with Plaintiff's statutory and constitutional rights

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

under the California Constitution, and protected rights under the FEHA, Title VII, Ralph Act, POBRA, as defined in the Bane Civil Rights Act ("Bane Act").

125.    California Civil Code section 52.1, subsection (a), prohibits a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state.

126.    Defendants, and each of them, owed a duty and legal obligation to refrain from interfering with Plaintiff's rights under the Constitutions and state and federal laws, guaranteed to all persons, regardless of their sex or any other protected basis.  Defendants, and each of them, acted as agents, directly or indirectly, of Defendants violating Plaintiff's statutory and constitutional rights and were therefore also entities liable under the Bane Act.

127.    In engaging in the foregoing conduct, Defendants aided, abetted, incited, and participated in, coerced and/or compelled unlawful acts in violation of the Bane Act

128.    As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has been made to incur expenses and lost benefits she was entitled in an amount to be proven at the time of trial.

129.    Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

130.    As a result of the aforesaid acts of Defendants, Plaintiff claims general damages, lost wages and earnings, for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

131.    The above described acts of Defendants, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and his rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294.  Plaintiff requests an assessment of punitive damages against individual Defendants Compton and Hagwood, in an amount to be proven at time of trial.

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

132.     Pursuant to Civil Code section 52.1, subsection (a), Plaintiff is entitled to a civil penalty of $25,000 for each of Defendants' violations of the Bane Act.

133.     Plaintiff will also seek and is entitled to recover attorney's fees and costs in connection with this cause of action pursuant to Civil Code section 52.1, subsection (h), *et seq.*

### SEVENTH CAUSE OF ACTION

### (Title VII – SEX DISCRIMINATION)

### (42 U.S.C. §2000e-2(a) *et. seq.*)

### (Against Defendant County)

134.     Plaintiff refers to and herein incorporates each above paragraph inclusively.

135.     By reason of the foregoing, Defendants have acted to deprive Plaintiff of her civil rights because of the discriminatory adverse employment actions imposed on Plaintiff by Defendants, in violation of Title VII of the Civil Rights Act, as amended, 42 U.S.C. section 2000e-2(a), which prohibits discrimination on the basis of sex, which includes but is not limited to sexual harassment.

136.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.

137.     As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

138.     Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action pursuant to 42 U.S.C. section 2000e-5(k)) as well as under all applicable statutory provisions

### EIGHTH CAUSE OF ACTION

### (TITLE VII - RETALIATION)

### (42 U.S.C. §2000e-3(a) *et. seq.*)

### (Against Defendant County)

139.     Plaintiff refers to and herein incorporates each above paragraph inclusively.

140.     By reason of the foregoing, Defendants have acted to subject Plaintiff to discriminatory actions  because she opposed, complained of, and participated in the complaint process; in violation of Title VII of the Civil Rights Act, as amended, 42 U.S.C. section 2000e-3(a),

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

which prohibits retaliation.

141.    Defendants subjected Plaintiff to actions likely to deter individuals from opposing, complaining, or participating in making discrimination complaints, because Plaintiff opposed discrimination, made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, and filing her discrimination complaints.  Plaintiff suffered irreparable injury by Defendant retaliatory actions against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. section 2000e-3(a), et seq.

142.    As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.

143.    As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

144.    Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action pursuant to 42 U.S.C. § 2000e-5(k)) as well as under all applicable statutory provisions.

### NINTH CAUSE OF ACTION

### (VIOLATION OF CIVIL RIGHTS - EQUAL PROTECTION - SEXUAL HARASSMENT)

### (42 U.S.C. § 1983)

### (Against All Defendants)

145.    Plaintiff refers to and herein incorporates each above paragraph inclusively.

146.    By reason of the foregoing, in violation of 42 U.S.C. section 1983, Defendants acting under color of law, wrongfully deprived plaintiff of her rights, privileges, or immunities secured by the Constitution and laws, under the equal protection clause of the Fourteenth Amendment to the United States Constitution; in so doing the acts of participating and conspiring to subject Plaintiff to denial of equal protection - sexual harassment.

147.    Defendants engaged in an official custom, pattern and practice, or policy of depriving female employees like Plaintiff of their rights under the FEHA, Title VII, Ralph Act, and/or Bane Acts, POBRA; in violation of the affirmative obligations under the Acts, to prevent discrimination, take effective remedial actions; and to refrain from retaliation.

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

148.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.

149.     As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

150.     In taking the actions alleged above, Defendants engaged in the conduct alleged herein with malice, oppression, and reckless disregard of plaintiff's right to be free of retaliation for engaging in protected free speech. Accordingly, plaintiff is entitled to punitive damages against individual Defendants Brandon Compton and Gregory Hagwood in this action.

151.     Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action, pursuant to 42 U.S.C. §1988, et seq., as well as under any other applicable statute.

## TENTH CAUSE OF ACTION

### (VIOLATION OF CIVIL RIGHTS RETALIATION FOR FREE SPEECH)

### (42 U.S.C. § 1983)

### (Against All Defendants)

152.     Plaintiff refers to and herein incorporates each above paragraph inclusively.

153.     By reason of the foregoing, in violation of 42 U.S.C. section 1983, Defendants acting under color of law, wrongfully deprived plaintiff of her rights, privileges, or immunities secured by the Constitution and laws, under the equal protection clause of the Fourteenth Amendment to the United States Constitution; in so doing the acts of participating and conspiring to subject Plaintiff to sexual harassment.  Defendants further deprived Plaintiff of her free speech rights; in subjecting Plaintiff to adverse employment actions in retaliation for her addressing issues of sexual harassment and discrimination.

154.     Defendants engaged in an official custom, pattern and practice, or policy of depriving female employees like Plaintiff of their rights under the FEHA, Title VII, Ralph Act, and/or Bane Acts, POBRA; in violation of the affirmative obligations under the Acts, to prevent discrimination, take effective remedial actions; and to refrain from retaliation.

155.     As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has

lost and will continue to lose income and benefits in an amount to be proven at the time of trial.

156.    As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

157.    In taking the actions alleged above, Defendants engaged in the conduct alleged herein with malice, oppression, and reckless disregard of plaintiff's right to be free of retaliation for engaging in protected free speech. Accordingly, plaintiff is entitled to punitive damages against individual Defendants Brandon Compton and Gregory Hagwood in this action.

158.    Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action, pursuant to 42 U.S.C. §1988, et seq., as well as under any other applicable statute.

## ELEVENTH CAUSE OF ACTION

### (PUBLIC SAFETY OFFICERS PROCEDURAL BILL OF RIGHTS ACT)

### (Cal. Gov. Code § 3303, et seq)

### (Against Defendant County)

159.    Plaintiff refers to and herein incorporates each above paragraph inclusively.

160.    During relevant times, Plaintiff was employed as a peace officer and subject to the protections of the Public Safety Procedural Bill of Rights Act ("POBRA").

161.    In engaging in the acts alleged, Defendant County violated the POBRA, when Plaintiff was under investigation and subjected to interrogation by the County that could lead to punitive action, the interrogation shall be conducted in compliance with the following conditions.

162.    In violation of Gov. Code section 3303, subd. (b), County interrogated Plaintiff and failed to inform Plaintiff prior to the interrogation of the rank, name, and command of the officer in charge of the interrogation, the interrogating officers, and all other persons to be present during the interrogation.

163.    In violation of Gov. Code section 3303, subd. (c), County failed to inform Plaintiff of the nature of the investigation prior to any interrogation.

164.    In violation of Gov. Code section 3303, subd. (g), by virtue of the violations set forth herein, County violated Plaintiff's right to bring his or her own recording device and record any and all aspects of the interrogation.

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

165.    In violation of Gov. Code section 3303, subd. (h), County denied Plaintiff her right to be informed of her constitutional rights; when prior to or during the interrogation of a public safety officer it was deemed that he or she may be charged with a criminal offense.

166.    In violation of Gov. Code section 3303, subd. (i), County denied Plaintiff her right to be represented by a representative of her chose who may be present at all times during the interrogation.  County was aware it was conducting an interrogation that focuses on matters that are likely to result in punitive action against any public safety officer.

167.    In violation of Gov. Code section 3309, County searched Plaintiff's assigned personal locker, without her presence, and without her consent, or notice.

168.    As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.

169.    As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

170.    In taking the actions alleged above, Defendant County acted maliciously in violating the provision of the POBRA with the intent to injure Plaintiff.   Pursuant to Gov. Code section 3309.5, subd. (e), Plaintiff therefore is entitled for each and every violation, to recover from Defendant County,  a civil penalty of twenty-five thousand dollars ($25,000), and for reasonable attorney's fees, as well as actual damages suffered by Plaintiff.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For compensatory damages, including but not limited to lost wages and future loss of earnings capacity in an amount of at least $3,000,000;

2.    For Title VII damages in a sum of at least the statutory maximum as provided by 42 U.S.C. §2000e, et seq., and according to proof at trial.

3.    For monetary damages to compensate for the emotional distress suffered by Plaintiff in the amount of no less than $4,000,000.

4.    For further and other compensatory and general damages in an amount according to proof;

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

5.  For punitive damages against Defendants Compton and Hagwood, in the amount no less than $250,000 against each individual defendant;

6.  For statutory attorney's fees and costs pursuant to Cal. Gov't. Code §§ 3309.5(e), 12965(b), Cal. Civ. Code §§ 52(a), 52.1(h), 52(b)(2), and 1021.5, *et seq.*, 42 U.S.C. § 2000e-5(k), 42 U.S.C. §1988, as well as under all applicable statutory provisions, with a multiplier of two as permitted by law.

7.  For civil penalties of $25,000 for each violation, pursuant to Gov't Code §3309.5(e).

7.  For civil penalties of $25,000 for each violation, pursuant to Cal Civ. Code §§ 52.1(a), and 52(b)(2), *et seq.*

8.  For treble damages pursuant to Cal. Civ. Code § 52(a), et seq.

8.  For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

9.  For costs of suit;

10. For an order enjoining Defendants from engaging in further violations the Constitution and laws set forth above.

11. For such other and further relief as the court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues that are so triable in the Complaint.

Dated:  November 30, 2018                    LAW OFFICE OF CALVIN CHANG

By: ___/s/ Calvin Chang

Calvin Chang
Attorneys for Plaintiff TIFFANY WAGNER

Law Office of Calvin Chang
980 - 9th Street, 16th Floor
Sacramento, California 95814
www.calvinchanglaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE