1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   Tiffany Wagner,                          No. 2:18-cv-03105-KJM-DB

12                      Plaintiff,             ORDER

13          v.

14   County of Plumas, et al.,

15                      Defendants.

16

17          Tiffany Wagner brings this employment discrimination action against the County of

18   Plumas and Brandon Compton, her former employer and supervisor.  The matter is before the

19   court on the County's motion to extend expert witness disclosures.  Because the County has not

20   established good cause to amend the scheduling order, the court **denies the motion.**[1]

21   **I.      BACKGROUND**

22          Tiffany Wagner was a Correctional Officer at the Plumas County Sheriff's Office.

23   Compl. ¶ 5, ECF No. 1.  She filed this action in 2018, alleging discrimination and sexual

24   harassment.  *See generally* Compl.  In the Spring of 2019, the court issued its pretrial scheduling

25   order, setting a May 2020 deadline for initial expert disclosures.  Scheduling Order at 2,

---

[1] While the court was finalizing this order, Wagner moved to set a pretrial conference and
trial, ECF No. 63.  The county opposed, ECF No. 65, and Wagner replied, ECF No. 66.  The
motion is **denied as moot**.

1    ECF No. 15.  In that order, the court specified those disclosures were to include "the name,

2    address, and area of expertise of each expert" and were required to "be accompanied by a written

3    report prepared and signed by the witness." *Id.* (citing Fed. R. Civ. P. 26).  The parties were also

4    "reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the [schedule

5    would] not be modified except . . . upon a showing of good cause." *Id.* at 6.  Unavailability of a

6    witness or counsel could only constitute good cause in "extraordinary circumstances." *Id.*

7         The parties later submitted a joint status report, ECF No. 32, seeking more time to conduct

8    discovery after Wagner filed her First Amended Complaint, ECF No. 30.  The court reset all

9    pending dates, including the initial expert disclosure deadline, which was reset for March 2021.

10   Prev. Order (Mar. 25, 2020), ECF No. 37.  The parties then jointly requested a further extension,

11   explaining they had been proceeding "diligently in discovery" but the COVID-19 pandemic and

12   wildfires in Plumas County had prevented them from meeting deadlines.  Stip., ECF No. 43.  The

13   court amended the scheduling order again as stipulated, setting the following deadlines:

14        • Expert Witness Disclosures: May 12, 2021;

15        • Rebuttal Expert Witness Disclosures: May 26, 2021;

16        • Expert Witness Discovery Cutoff: June 24, 2021; and

17        • Dispositive Motions heard no later than: March 26, 2021.

18   Prev. Order (Oct. 6, 2020), ECF No. 44.

19        On the operative initial expert disclosure deadline, the County disclosed to Wagner the

20   "names, contact information, and summary of . . . testimony" for three experts.[2]  Mot. at 3–4,

21   ECF No. 58.  It did not provide expert reports.  *Id.* at 4.  The County's counsel contacted

22   Wagner's counsel about its expert disclosures about a week later and asked for more time to

23   provide the required expert reports.  Long Decl. ¶ 8, ECF No. 58-1.  Counsel explained the

24   County required more time due to "significant illness" and "COVID-related complications." *Id.*

25   Wagner refused to stipulate to any extension of time.  Mot. at 4.

───────────────

[2] The experts include Mr. Phillip Lawrence, who would testify about jail operations; forensic psychiatrist Dr. Steve Berger; and forensic psychologist Dr. Alexis Smith-Baumann, both of whom would speak to Wagner's "external issues" that "caused any mental, physical, and emotional difficulties [Wagner] was having." Mot. at 3.

On May 27, 2021, the County moved to "vacat[e] the procedural date set for all expert witness disclosures and discovery deadlines on the grounds of mistake, inadvertence, and excusable neglect." Mot. at 1, 4 (citing Fed. R. Civ. P. 60). The motion is fully briefed. Opp'n, ECF No. 60; Reply, ECF No. 62. The court submitted the motion upon receiving Wagner's opposition, by which point all discovery deadlines in the case had passed.

## II.    LEGAL STANDARD

Although the County cites Rule 60 in its motion, its request is instead governed by two different rules. First, dates in a scheduling order may be modified only for "good cause" under Federal Rule of Civil Procedure 16(b)(4). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The primary factor courts consider in making a good cause determination is whether the moving party acted diligently. *Johnson*, 975 F.2d at 609. To show its diligence, the moving party must demonstrate:

> (1) that she was diligent in assisting the [c]ourt in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Martinez-Sanchez v. Anthony Vineyards, Inc.*, No. 1:19-1404, 2020 WL 7360579, at *3 (E.D. Cal. Dec. 15, 2020). Although the possibility of prejudice to the opposing party "might supply additional reasons to deny a motion, . . . [i]f [the moving] party was not diligent, the inquiry should end," and the request should be denied. *Johnson*, 975 F.2d at 609 (citation omitted).

Second, Rule 6(b) also generally permits a court to extend deadlines after they pass for good cause "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see also Soto v. Cty. of Sacramento*, No. 2:19-910, 2021 WL 2402524, at *3 (E.D. Cal. June 11, 2021). In determining whether to amend a Rule 16 scheduling order to reopen discovery, district courts must consider:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the

1  foreseeability of the need for additional discovery in light of the time allowed for
2  discovery by the district court, and (6) the likelihood that the discovery will lead to
3  relevant evidence.

4  *Id.* (quoting *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017)).

5  "Motions are more often granted when the opposing party's actions caused delay or when the

6  need to amend arises from some unexpected or outside source." *Dimitre v. California State Univ.*

7  *Employees' Union*, No. 2:17-1698, 2019 WL 4670827, at *2 (E.D. Cal. Sept. 25, 2019) (citations

8  omitted).

9  **III.   ANALYSIS**

10         The first step in evaluating the County's diligence under Rule 16 is considering whether it

11  discharged its obligation "to collaborate with the district court in managing the case." *Jackson*,

12  186 F.R.D. at 607.  Parties discharge this duty by "participat[ing] . . . in creating a workable

13  Rule 16 scheduling order" and by "diligently attempt[ing] to adhere to that schedule." *Id.*

14  Although the County initially worked with the plaintiff and the court to create a workable

15  schedule, *see* Joint Status Report (Apr. 1, 2019), ECF No. 13, and although it proposed

16  extensions when necessary earlier in this case, *see* Stip. at 1, it ultimately missed the expert

17  discovery deadline.  The court cannot conclude that it "diligently attempted to adhere to [the]

18  schedule." *Jackson*, 186 F.R.D. at 607.  As far as the court is aware, even today the County has

19  not served expert reports.

20         The second step of the diligence analysis requires the moving party to show its

21  noncompliance was the result of developments "which could not have been reasonably foreseen

22  or anticipated." *Martinez-Sanchez*, 2020 WL 736057, at *4.  The County cites COVID-19

23  complications.  Although the pandemic was unforeseeable when this case was originally

24  scheduled, the County was aware of COVID-19's onset and its impact on all aspects of life well

25  before it filed the pending motion; in fact, the parties had previously sought and obtained an

26  extension of time based on COVID-19 complications.  The County does not explain why that

27  extension was inadequate and what prevented it from disclosing expert reports on time according

28  to that agreed-upon schedule.  It offers only vague assertions about "logistical constraints" and

29  health challenges and personal loss faced by members of the County Counsel's office.  *See* Long

4

1   Decl. ¶ 9.  Significantly, it does not represent its experts were unable to prepare and submit

2   reports on time.

3        The third step in the required inquiry calls for the court to consider whether defendant was

4   "diligent in seeking amendment . . . once it became apparent that [it] could not comply."

5   *Martinez-Sanchez*, 2020 WL 736057, at *4.  Here, the County did not contact plaintiff's counsel

6   to propose a new stipulation until after the operative deadline had passed.  *See* Long Decl. ¶ 8.

7   Nor did it move to amend the schedule until afterward as well.  Nothing before the court indicates

8   the County has served any expert reports.  The County has not shown it was diligent, so it has not

9   established good cause to amend the scheduling order.

10        The County argues its conduct amounts to "excusable neglect" that meets the "good

11   cause" requirement of Rule 16.  Reply at 6.  It relies primarily on *Stark-Romero v. National

12   *Railroad Passenger Company*, in which a New Mexico district court found good cause for

13   extending discovery deadlines after counsel missed the initial expert disclosure deadline due to

14   "excusable neglect."  275 F.R.D. 544, 548 (D.N.M. 2011) (noting Tenth Circuit found "concepts

15   of good cause, excusable neglect, and diligence are all related").  The court assumes without

16   deciding that the New Mexico district court was applying a similar legal standard to that the

17   Ninth Circuit has imposed, including in *Johnson v. Mammoth Recreations, Inc*.  If so, the facts of

18   *Stark-Romero* stand in stark contrast to those here.  Unlike the County, the moving party in *Stark-

19   *Romero* had provided the district court with a detailed account of what had caused him to miss the

20   deadline.  *Id*. at 545.  And unlike the County, he acted immediately, filing his request the day

21   after he realized the deadline he sought to extend had passed.  *Id*.

22        The County also relies on Rule 37 as justification for an extension.  *See* Reply at 6–7.

23   That rule states in relevant part:

24        If a party fails to provide information or identify a witness as required by Rule 26(a)
25        or (e), the party is not allowed to use that information or witness to supply evidence
26        on a motion, at a hearing, or at a trial, unless the failure was substantially justified
27        or is harmless.

28   Fed. R. Civ. P. 37(c)(1).  The County argues its deficient disclosure and missed deadlines were

29   "substantially justified" and "harmless" for the same reasons reviewed above.  Reply at 4.  The

5

court declines to permit this end-run around the good-cause standard.  *Elhouty v. Lincoln Benefit Life Co.*, 886 F.3d 752, 755–56 (9th Cir. 2018) (affirming decision to strike expert report partially because the proffering party "missed the deadline for disclosing expert reports, . . . [did] not show[ ] how an expert opinion could have helped his case," and "had not explained his failure to comply with the discovery order"); *R & R Sails, Inc. v. Ins. Co. of the State of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir.2012) (party seeking to avoid preclusion of its evidence under Rule 37 "bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless.").  Granting an extension at this late date would reward the County for disregarding the rules on expert disclosures and this court's prior orders.  Moreover, the County has not shown its failure to disclose was either "substantially justified" or "harmless" as those terms of art are defined in the case law.  Granting the County's motion would disrupt the schedule, and "[d]isruption to the schedule of the court and other parties in that manner is not harmless."  *Mangiaracina v. BNSF Ry. Co.*, No. 16-5270, 2021 WL 5113166, at *3 (N.D. Cal. Nov. 3, 2021) (quoting *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005)).  The court confirms that discovery has closed, and the deadline for hearing dispositive motions has passed.

## IV.   CONCLUSION; SETTING OF FINAL PRETRIAL CONFERENCE

### A.   Conclusion

One of the most effective ways for a district court "to manage the cases before it efficiently and effectively" is to enforce the deadlines it sets.  *Wong*, 410 F.3d at 1060.  "Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence."  *Id.*  Because the County has not shown good cause for its failure to disclose expert reports on time, the court enforces the scheduling order and **denies the motion to extend expert witness disclosure dates.**

/////

/////

1   **B.     Final Pretrial Conference**

2        In light of the expiration of the dispositive motion deadline, a final pretrial conference is

3   set for **January 21, 2022, at 10:00 a.m. before the undersigned.**[3]   At least one of the attorneys

4   who will conduct the trial for each of the parties shall attend the Final Pretrial Conference.  If by

5   reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the

6   attorney who attends in place of the trial attorney shall have equal familiarity with the case and

7   equal authorization to make commitments on behalf of the client.

8        Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial

9   Conference, with no matters remaining to be accomplished except production of witnesses for

10  oral testimony.  **The parties shall confer and file a joint pretrial conference statement by**

11  **December 31, 2021.  Concurrently with the filing of the Joint Final Pretrial Conference**

12  **Statement, counsel shall submit to chambers the word processable version of the Statement,**

13  **in its entirety (including the witness and exhibit lists) to:**  kjmorders@caed.uscourts.gov**.**  The

14  provisions of Local Rule 281 shall apply with respect to the matters to be included in the joint

15  pretrial statement.  In addition to those subjects listed in Local Rule 281(b), the parties are to

16  provide the court with the following:

17       1.     A plain, concise statement that identifies every non-discovery motion previously

18              tendered to the court and its resolution.

19       2.     A concise, joint list of undisputed core facts that are relevant to each claim.

20              Disputed core facts should then be identified in the same manner.  The parties are

21              reminded not to identify every fact in dispute but only those disputed facts that are

22              essential to the formulation of each claim.  Each disputed fact and undisputed fact

23              should be separately numbered or lettered.  Where the parties are unable to agree

24              on the core disputed facts, they should nevertheless list core disputed facts in the

25              above manner.

26  /////

---

[3] The court calendar for this date will indicate whether the hearing will be held by videoconference or in the courtroom.

3.      Concise lists of disputed evidentiary issues that will be the subject of a party's motion *in limine*, and whether the parties believe resolution of any of these motions will be necessary before the first day of trial.

4.      Each party's points of law, which concisely describe the legal basis or theory underlying their claims and defenses.  Points of law should reflect issues derived from the core undisputed and disputed facts.  Parties shall not include argument with any point of law; the parties may include concise arguments in their trial briefs.

5.      A joint statement of the case in plain concise language, which will be read to the jury during voir dire and at the beginning of the trial.  The purpose of the joint statement is to inform the jury what the case is about.

6.      The parties' position on the number of jurors to be impaneled to try the case.

7.      The parties' report on settlement discussions to date and other information related to settlement that will allow the court to schedule a final pretrial settlement conference.

8.      The parties' positions on whether they will consent to a magistrate judge trying the case, given the significant backlog of criminal cases pending before the district court.

Discovery documents to be listed in the pretrial statement shall not include documents to be used only for impeachment and in rebuttal.

The parties are reminded that pursuant to Local Rule 281 they are required to attach to the Final Pretrial Conference Statement an exhibit listing witnesses and exhibits they propose to offer at trial.  After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered.  The parties may file a joint list or each party may file separate lists. These list(s) shall not be contained in the body of the Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed alphabetically.  The parties shall use the standard exhibit stickers provided by the court: pink for

plaintiff and blue for defendant.  In the event that the alphabet is exhausted, the exhibits shall be marked AA, AB, AC, . . . AZ, then BA, BB, BC, . . . BZ, and so on through ZZ, as necessary.  All multi-page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered. The list of exhibits shall not include excerpts of depositions to be used only for impeachment.  In the event that plaintiff(s) and defendant(s) offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is first identified.  The court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter.  The parties are encouraged to consult concerning exhibits and, to the extent possible, provide joint exhibits, which shall be designated as JX and listed numerically, e.g., JX-1, JX-2.  **Counsel shall produce all trial exhibits to the Courtroom Deputy, no later than 3:00 p.m. on the Friday before trial.**

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

Failure to comply with Local Rule 281, as modified by this order, may be grounds for sanctions.

The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil Procedure it will be their duty at the Final Pretrial Conference to aid the court in: (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must cooperatively prepare the joint Final Pretrial Conference Statement and participate in good faith at the Final Pretrial Conference with these aims in mind.[4]  A failure to do so may result in the imposition of sanctions which may include

---

[4] "If the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law," the court may summarily dispose of the case or claims. *Portsmouth Square v. Shareholders Protective Comm.*, 770 F.2d 866, 868-69 (9th Cir. 1985).

9

1   monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other

2   sanctions as the court deems appropriate.

3          This order resolves ECF Nos. 58 and 63.

4          IT IS SO ORDERED.

5   DATED:  December 3, 2021.

6
                                            _____
                                            CHIEF UNITED STATES DISTRICT JUDGE