UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tiffany Wagner,<br><br>    Plaintiff,<br><br>    v.<br><br>County of Plumas, et al.,<br><br>    Defendants. | No. 2:18-cv-03105-KJM-DB<br><br>ORDER |

This matter is set for a bench trial on plaintiff's sexual harassment and retaliation claims. Final Pretrial Order at 1, ECF No. 76. At the final pretrial hearing, the parties anticipated the trial would last 15 to 25 days. *Id.* at 9. The parties have submitted amended witness lists with the estimated length of each witness's examination. Pl.'s Wit. List, ECF No. 88; Defs.' Wit. List, ECF No. 86. Plaintiff estimates needing about 37.5 hours to direct her twenty-six witnesses, *see generally* Pl.'s Wit. List, and defendants approximate needing 56 hours of testimony from their twenty-two witnesses, *see generally* Defs.' Wit. List.

District courts may impose reasonable time limits on a trial "to prevent undue delay, waste of time, or needless presentation of cumulative evidence." *Amarel v. Connell*, 102 F.3d 1494, 1513 (9th Cir. 1996). "[D]istrict courts should not exercise this discretion as a matter of course . . . . Rather, a district court should impose time limits only when necessary, after making an informed analysis based on a review of the parties' proposed witness lists and proffered

1

testimony, as well as their estimates of trial time." *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 610 (3rd Cir. 1995). Based on its substantial experience presiding over civil trials, the nature of this trial as a bench trial and a review of the parties' witness lists, the court limits the trial to 14 days. *Cf. Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (district court acted reasonably in limiting disability discrimination bench trial to one day and continuing trial to second day due to interruptions); *Monotype Corp. v. Int'l Typeface Corp*. 43 F.3d 443, 451 (9th Cir. 1994) (finding court's time limit of seven days reasonable even though defendant indicated it needed three weeks). The court will only consider requests for additional trial time for good cause shown, and no earlier than mid-trial.

The court **sets the bench trial for 14 days, which shall be divided equally among the parties.** Trial days shall run from **8:30 a.m. to 1:30 p.m.** To facilitate meeting this schedule, the court encourages the parties to identify lay witnesses whose direct testimony can be submitted by deposition transcript, with designated excerpts of transcripts submitted to the court for review in advance of a given trial day. The parties shall present any direct expert witness testimony by deposition transcript unless they can demonstrate good cause to not follow this practice. **Within 14 days of this order, following comprehensive meet and confer sessions, the parties shall file a trial plan,** which accounts for the updated trial schedule and identifies witnesses whose testimony will be presented by deposition, in whole or in part. On the first day of trial the court will discuss with the parties procedures for the filing of proposed findings of fact during or upon the conclusion of trial.

The court also has reviewed the parties' filings regarding whether a further final settlement conference is warranted, and finds that settlement efforts have not been fully exhausted as required before trial begins. *See* ECF Nos. 85, 89. Accordingly, the parties are **referred to mediation** to be conducted by Ninth Circuit Mediator Robert Kaiser. The court authorizes Mr. Kaiser to convene the mediation, require the parties' filings of any settlement briefs and supporting documents, and require the parties' attendance at in-person mediation sessions in the Robert T. Matsui U.S. Courthouse in Sacramento. **A first mediation session shall be held by August 5, 2022 with this referral to mediation to terminate on August 12, 2022.**

1    The Clerk of Court shall serve a copy of this order on Ninth Circuit
2 Mediator Robert Kaiser.
3    IT IS SO ORDERED.
4 DATED: July 22, 2022.
5

_____
CHIEF UNITED STATES DISTRICT JUDGE